**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIO THOMPSON,<br><br>        Plaintiff,<br><br>    v.<br><br>CHERYL SHUTT, et al.,<br><br>        Defendants. | Case No.: 1:09-cv-01585 LJO JLT<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

Mario Thompson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this action. On September 9, 2009, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 against the following individuals employed at California State Prison, Corcoran: Cheryl Schutt, Health Care Manager; Willie McGuiness, Supervising Physician; Dr. Smith, Surgeon; and the Chief Medical Officer (collectively, "Defendants") (Doc. 1).

**I.  Screening Requirement**

Where a prisoner seeks relief against "a governmental entity or officer or employee of a governmental entity," the Court is required to review the complaint and identify "cognizable claims." 28 U.S.C § 1915(a)-(b). The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or…seeks monetary

relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). In determining malice, the Court examines whether the claims are pled in good faith. Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915).

## II.  Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and…a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed.R.Civ.P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me unlawfully accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further that,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility

that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 129 S.Ct. at 1949. Where the factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. Id. If the Court determines that the complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent that deficiencies of the complaint can be cured by an amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.   § 1983 Claims

Section 1983 of title 42 of the United States Code does not provide for substantive rights; it is "a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994). An individual may bring an action for the deprivation of civil rights pursuant to 42 U.S.C. § 1983, which states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. To plead a § 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Williams v. Gorton, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege that he suffered a specific injury and show causal relationship between the defendant's conduct and the injury suffered by the plaintiff. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made"). There is no respondeat superior liability under § 1983, and the supervisor of an individual who allegedly violated a plaintiff's constitutional rights is not made liable for the violation simply by

3

virtue of that role.  Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 691 (1978).  "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, as with other complaints, conclusory allegations unsupported by facts are insufficient to state a civil rights claim under § 1983.  Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

**IV.   Discussion and Analysis**

Plaintiff's claim stems from an injury on June 18, 2006, when he broke the little finger on his right hand.  (Doc. 1 at 5).  On June 20, 2008, Defendant Dr. Smith examined Plaintiff's finger "and ordered urgent surgery to repair it."  Id.  Plaintiff asserts that the recommendation for immediate surgery was forwarded to Defendant McGuiness, who approved the surgery.  Id.  Approximately twenty-two days after Plaintiff's initial appointment with Dr. Smith, Plaintiff saw a surgeon in an outside clinic who was prepared to perform the surgery but declined to operate, explaining to Plaintiff "that because the fracture had started to knit on its own, it was too late to do simple surgery."  Id. at 6.  As a result, Plaintiff's has chronic pain and his little finger is disfigured.  Id. at 5-6.  Given these facts, Plaintiff's claim against Defendant is in essence that Defendants violated his rights by failing to provide adequate medical care.

A.   Status of Plaintiff

It is not clear from the pleadings whether Plaintiff was a pre-trial detainee or a prisoner serving a criminal sentence.  If Plaintiff was a pre-trial detainee at the time, the proper analysis would be under "the more protective substantive due process standard" rather than the Eighth Amendment.  Jones v. Blanas, 393 F.3d 918, 931-33 (9th Cir. 2004); see also Bell v. Wolfish, 441 U.S. 520, 535 n. 26 ("Eighth Amendment Scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."); Gibson v. County of Washoe, 290 F.3d 1174, 1187 (9th Cir. 2002) ("Because [the plaintiff] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment").  However, with medical care, "the due process clause imposes, at a minimum, the same duty the Eighth Amendment

imposes." Gibson, 290 F.3d at 1187.  Therefore, the Court will look to the Eighth Amendment to determine the standard of care required by Defendants.

### B.  Eighth Amendment protection

The Eighth Amendment "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976), quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1976).  Included in the prohibition of cruel and unusual punishments is a responsibility placed upon prison officials to provide medical care to prisoners.  Id. at 104-05.  To claims arise in the context of inadequate medical care, a prisoner must point to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106.  In the Ninth Circuit, a cognizable claim has two elements: "the seriousness of the prisoner's medical need and the nature of defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by* WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); see also Jett v. Penner, 429 F.3d 1091, 1096 (9th Cir. 2006).

#### 1.  Serious medical need

A serious medical need exists "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059, quoting Estelle, 429 U.S. at 104.  Indications of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Id. at 1059-60, citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990).

Here, Plaintiff alleges that he suffered a broken finger, and that Defendant Smith felt it was significant enough to order "urgent surgery." (Doc. 1 at 5)  It has been well-established by this Court that a broken finger constitutes a serious medical need.  See, e.g., Reese v. Carey, 2009 U.S. Dist. LEXIS 19363, at * 12 (E.D. Cal. March 12, 2009) ("Broken bones in the hand constitute a serious medical need"), citing Bryan v. Endell, 141 F.3d 1290, 1291 (8th Cir. 1998); Atkins v. Brewer, 2009 U.S. Dist. LEXIS 1274, at 11 (E.D. Cal. Jan. 5, 2009) ("Plaintiff's allegations that his finger was broken establishes that he had a serious medical need"); see also Jett, 429 F.3d at 1096 (undisputed

fact that a fractured thumb was a serious medical need). Therefore, Plaintiff established that he had a serious medical need.

### 2. Deliberate indifference

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to that need with deliberate indifference. Farmer, 511 U.S. at 834. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 291 F.3d 1051, 1060 (9th Cir. 2004). In clarifying the culpability required for "deliberate indifference," the Supreme Court held,

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exits, and he must also draw that inference.

Farmer, 511 U.S. at 837. Therefore, a defendant must be "subjectively aware that serious harm is likely to result from a failure to provide medical care." Gibson, 290 F.3d at 1193 (emphasis omitted). Where a defendant should have been aware of the risk of substantial harm but was not, "then the person has not violated the Eighth Amendment, no matter how severe the risk." Id. at 1188.

Where deliberate indifference relates to medical care, "[t]he requirement of deliberate indifference is less stringent…than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns." Holliday v. Naku, 2009 U.S. Dist. LEXIS 55757, at *12 (E.D. Cal. June 26, 2009), citing McGuckin, 974 F.2d at 1060. Claims of negligence or medical malpractice are insufficient to claim deliberate indifference. Id. at 394; Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). Generally, deliberate indifference to serious medical needs of prisoners may be manifested in two ways: "when prison officials deny, delay, or intentionally interfere with medical treatment, or…by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Delays in providing medical treatment may manifest deliberate indifference. Estelle, 429. U.S. at 104-05. However, "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407

(9th Cir. 1985).  In addition to the delay in surgery or treatment, a plaintiff must show harm arose as a result of the delay, such as further medical complications attributable to the delay or pain and suffering.  Scott v. Keller, 2010 U.S. Dist. LEXIS 95738, at *12 (E.D. Cal. Sept. 14, 2010); see also Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curium).

In the case at hand, Plaintiff argues that Defendants, "through deliberate indifference…caused disfigurement to his right little (pinky) finger." (Doc. 1 at 6)  Specifically, Plaintiff alleges that the delay of twenty-two days between surgery being ordered and seeing a surgeon caused him to develop chronic pain and finger disfigurement.  Id. at 5-6.  In this manner, Plaintiff attempts to establish that harm arose as a result of the delay, and therefore show deliberate indifference on the part of Defendants.

Previously, this Court determined that the failure to treat an inmate's broken finger did "not reach the level of a constitutional violation" despite that it "initiated a long sequence of pain and eventual surgery."  Atkins v. Yates, 2009 U.S. Dist. LEXIS 53663, at *7-9 (E.D. Cal. June 9, 2009). The medical malpractice in the case caused the inmate to lose the ability to bend his finger and suffer considerable pain.  Similarly, here, Plaintiff alleges chronic pain and disfigurement as a result of Defendant's inaction and delay in treatment.  However, Plaintiff fails to make any allegations that defendants Cheryl Schutt and the Chief Medical Officer had knowledge of Plaintiff's injury or Dr. Smith's recommendation for surgery.  In addition, Plaintiff failed to show a causal link between these defendants and the further injury he sustained.  See Johnson, 588 F.2d at 742.

Though Plaintiff alleges facts that defendants Dr. Smith and Willie McGuiness knew of the injury and ordered surgery, he makes no statements that they knew scheduling surgery in twenty-two days would cause further injury.  Plaintiff must show that Defendants had "actual knowledge of the plaintiff's basic human needs *and* deliberately refused to meet those needs."  Johnson v. Lewis, 271 F.3d 726, 734 (9th Cir. 2000) (emphasis added).  Plaintiff has failed to show either actual knowledge of all defendants or a deliberate refusal to treat him in a more expeditious manner.  As in Atkins, the delay in treatment has not been shown to be an Eighth Amendment violation.  Atkins, 2009 U.S. Dist. LEXIS 52663 at *7-9; see also Gibson, 290 F.3d at 1188.  Plaintiff has not stated a cognizable claim of inadequate medical care against Defendants.

**V.  Conclusion and Recommendation**

The law is clear that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.  Moreover, medical negligence is insufficient to state a claim under the Eighth Amendment.  Toguchi, 391 F.3d at 1060.  Although Plaintiff demonstrated that he had a serious medical need, he failed to establish that Defendants acted with the requisite unconstitutional deliberation.  Therefore, Plaintiff failed to state cognizable claims against Defendants.

This Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  However, Plaintiff is advised that the Court will permit only one attempt at amending the complaint and stating cognizable claims before dismissing the claims with prejudice.  If Plaintiff chooses to amend, his amended complaint should be brief, Fed.R.Civ.P 8(a), but must state what each named defendant did that lead to the deprivation of Plaintiff's constitutional or other federal rights.  Iqbal,129 S.Ct. at 1948-49; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Though accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567, citing London v. Coopers & Lybrand, 644 F2d 811, 814 (9th Cir. 1981); accord. Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Withing 20 days from the date of service of this order Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order; and

2. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **October 26, 2010**                                                  /s/ **Jennifer L. Thurston**
                                                                                              UNITED STATES MAGISTRATE JUDGE