1

2

3

4

5

6

7

8                          **IN THE UNITED STATES DISTRICT COURT**

9                       **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MARIO THOMPSON,                        )   Case No.: 1:09-cv-01585 LJO JLT
                                            )
12                   Plaintiff,             )   ORDER TO SHOW CAUSE WHY THE
                                            )   ACTION SHOULD NOT BE DISMISSED FOR
13                                          )   FAILURE TO PROSECUTE
                                            )
14          v.                              )
                                            )
15   CHERYL SHUTT, et al.,                  )
                                            )
16                                          )
                     Defendants.            )
17   _____     )

18

19         Mario Thompson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in

20   this action.  On September 9, 2009, Plaintiff filed this civil rights action pursuant to 42 U.S.C. §

21   1983 against the following individuals employed at California State Prison, Corcoran: Cheryl Schutt,

22   Health Care Manager; Willie McGuiness, Supervising Physician; Dr. Smith, Surgeon; and the Chief

23   Medical Officer.  (Doc. 1).

24         The Court screened Plaintiff's Complaint and found that Plaintiff failed to state a

25   claim upon which relief could be granted.  (Doc. 9).  On October 26, 2010, Plaintiff was

26   ordered to file an amended complaint addressing the deficiencies identified by the Court

27   within 20 days of service.  *Id.* at 8.  In addition, Plaintiff was notified that failure to comply

28

                                               1

1  with the order could lead to dismissal of the action.  *Id.* at 9.  Nevertheless, Plaintiff has

2  failed to comply.

3       The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

4  party to comply with . . . any order of the Court may be grounds for the imposition by the Court of

5  any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have

6  inherent power to control their dockets," and in exercising that power, a court may impose sanctions

7  including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831

8  (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute

9  an action or failure to obey a court order, or failure to comply with local rules.  *See*, *e.g. Ferdik v.*

10  *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

11  requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.

12  1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421,

13  1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

14       Accordingly, Plaintiff is ORDERED to show cause within 21 days of the date of service of

15  this Order why the action should not be dismissed for his failure to prosecute or to follow the Court's

16  Order.  Plaintiff is firmly cautioned that failure to comply with this order will result in a

17  recommendation that this action be dismissed.

18

19  IT IS SO ORDERED.

20  Dated:   **November 30, 2010**                          **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28