IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO THOMPSON,<br><br>            Plaintiff,<br><br>    v.<br><br>CHERYL SHUTT, et al.,<br><br>            Defendants. | Case No.: 1:09-cv-01585 LJO JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE |

Mario Thompson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this action. On September 9, 2009, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Pursuant to the Court's Order, Plaintiff filed his Amended Complaint on February 10, 2010. (Doc. 14). Plaintiff asserts the action against the following individuals employed at California State Prison, Corcoran: Cheryl Schutt, Health Care Manager; Willie McGuiness, Supervising Physician; Dr. Smith, Surgeon; the Chief Medical Officer; licensed vocational nurses Reynoso, Asunde, Petterson, Lopez, McPury; Registered Nurse Shelburn; and C.O. Delacruz (collectively, "Defendants"). *Id* at 1-2.

**I.  Screening Requirement**

When a prisoner seeks relief against "a governmental entity or officer or employee of a governmental entity," the Court is required to review the complaint and identify "cognizable claims."

28 U.S.C § 1915(a)-(b). The Court must screen Plaintiff's First Amended Complaint because an amended complaint supersedes Plaintiff's previously filed complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). In determining malice, the Court examines whether the claims are pled in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). If the Court determines that the complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## II.  Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed.R.Civ.P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Supreme Court clarified that,

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to

> relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Where the factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

## III.   § 1983 Claims

Section 1983 of title 42 of the United States Code does not provide for substantive rights; it is "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In pertinent part, Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

42 U.S.C. § 1983. To plead a § 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) he was deprived of a federal right, and (2) a person who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 28 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976). In addition, a plaintiff must allege that he suffered a specific injury, and show causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made"). As with other claims, conclusory allegations unsupported by facts are insufficient to state a § 1983 claim. *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).

///

///

## IV. Discussion and Analysis

Plaintiff's claim stems from an injury on June 18, 2006, when he broke the little finger on his right hand. (Doc. 1 at 5). On June 20, 2008, Defendant Dr. Smith examined Plaintiff's finger "ordered urgent surgery." (Doc. 14 at 3). Plaintiff asserts Defendant McGuiness approved the surgery. *Id.* From June 20 to July 20, 2008, Plaintiff states he complained to Defendants. *Id.* On July 11, 2008, Plaintiff saw a doctor at UMC Hospital. *Id.* Previously, Plaintiff alleged that at this visit, the surgeon was prepared to perform the surgery but declined to operate, explaining to Plaintiff "that because the fracture had started to knit on its own, it was too late to do simple surgery." (Doc. 1 at 6). In the Amended Complaint, Plaintiff states, "The defendants didn't get my (sic) to surgery as ordered," and "no one knows why I didn't make my scheduled appointment." (Doc. 14 at 3). As a result of not having the surgery, Plaintiff has "a deformed finger that gives [him] problems." *Id.* Given these facts, Plaintiff's claim against Defendant is in essence that Defendants violated his rights by failing to provide adequate medical care.

### A. Status of Plaintiff

It is not clear from the pleadings whether Plaintiff was a pre-trial detainee or a prisoner serving a criminal sentence. If Plaintiff was a pre-trial detainee at the time, the proper analysis would be under "the more protective substantive due process standard" rather than the Eighth Amendment. *Jones v. Blanas*, 393 F.3d 918, 931-33 (9th Cir. 2004); *see also Bell v. Wolfish*, 441 U.S. 520, 535 n. 26 ("Eighth Amendment Scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"); *Gibson v. County of Washoe*, 290 F.3d 1174, 1187 (9th Cir. 2002) ("Because [the plaintiff] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment"). However, with medical care, "the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes." *Gibson*, 290 F.3d at 1187. Therefore, the Court will look to the Eighth Amendment to determine the standard of care required by Defendants.

///

///

B.  Eighth Amendment protection

The Eighth Amendment "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976), quoting *Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir. 1976).  Included in the prohibition of cruel and unusual punishments is a responsibility placed upon prison officials to provide medical care to prisoners.  *Id.* at 104-05.  To claims arise in the context of inadequate medical care, a prisoner must point to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106.  A cognizable claim has two elements: "the seriousness of the prisoner's medical need and the nature of defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997); *see also Jett v. Penner*, 429 F.3d 1091, 1096 (9th Cir. 2006).

1.  Serious medical need

A serious medical need exists "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059, quoting *Estelle*, 429 U.S. at 104.  Indications of a serious medical need include: "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* at 1059-60, citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990).

Here, Plaintiff alleges that Defendant Smith felt his injury was significant enough to order "urgent surgery." (Doc. 14 at 3).  It has been well-established by this Court that a broken finger constitutes a serious medical need. *See, e.g., Reese v. Carey*, 2009 U.S. Dist. LEXIS 19363, at * 12 (E.D. Cal. March 12, 2009) ("Broken bones in the hand constitute a serious medical need"), citing *Bryan v. Endell*, 141 F.3d 1290, 1291 (8th Cir. 1998); *Atkins v. Brewer*, 2009 U.S. Dist. LEXIS 1274, at 11 (E.D. Cal. Jan. 5, 2009) ("Plaintiff's allegations that his finger was broken establishes that he had a serious medical need"); *see also Jett*, 429 F.3d at 1096 (undisputed fact that a fractured thumb was a serious medical need).  Therefore, Plaintiff established a serious medical need.

///

5

2.  Deliberate indifference

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to that need with deliberate indifference. *Farmer*, 511 U.S. at 834. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 291 F.3d 1051, 1060 (9th Cir. 2004). In clarifying the culpability required for "deliberate indifference," the Supreme Court held,

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exits, and he must also draw that inference.

*Farmer*, 511 U.S. at 837. Therefore, a defendant must be "subjectively aware that serious harm is likely to result from a failure to provide medical care." *Gibson*, 290 F.3d at 1193 (emphasis omitted). When a defendant should have been aware of a risk of substantial harm but was not, "then the person has not violated the Eighth Amendment, no matter how severe the risk." *Id.* at 1188.

Where deliberate indifference relates to medical care, "[t]he requirement of deliberate indifference is less stringent…than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns." *Holliday v. Naku*, 2009 U.S. Dist. LEXIS 55757, at *12 (E.D. Cal. June 26, 2009), citing *McGuckin*, 974 F.2d at 1060. Claims of negligence or medical malpractice are insufficient to claim deliberate indifference. *Id.* at 394; *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Generally, deliberate indifference to serious medical needs of prisoners may be manifested in two ways: "when prison officials deny, delay, or intentionally interfere with medical treatment, or…by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).

Delays in providing medical treatment may manifest deliberate indifference. *Estelle*, 429. U.S. at 104-05. However, "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference." *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). In addition to the delay in surgery or treatment, a plaintiff must show harm arose as a result of the delay, such as further medical complications attributable to the delay or pain and

6

1  suffering. *Scott v. Keller*, 2010 U.S. Dist. LEXIS 95738, at *12 (E.D. Cal. Sept. 14, 2010); *see also*
2  *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curium).

3    Plaintiff argues that Defendants failed to get him the surgery as ordered, and that his finger is
4  now disfigured, causing him problems. (Doc. 14 at 3). In this manner, Plaintiff attempts to establish
5  that harm arose as a result of the delay, and therefore show deliberate indifference on the part of
6  Defendants. Previously, this Court determined that the failure to treat an inmate's broken finger did
7  "not reach the level of a constitutional violation" despite that it "initiated a long sequence of pain and
8  eventual surgery." *Atkins v. Yates*, 2009 U.S. Dist. LEXIS 53663, at *7-9 (E.D. Cal. June 9, 209).
9  The medical malpractice in the case caused the inmate to lose the ability to bend his finger and suffer
10 considerable pain. Similarly, here, Plaintiff alleges chronic pain and disfigurement as a result of
11 Defendant's inaction and delay in treatment. (*See* Doc. 1 at 6). Plaintiff alleges he "complained" to
12 defendants Reynoso, Asunde, Petterson, Lopez, McPury, Shelburn, and C.O. Delacruz (Doc. 14 at
13 3). However, he fails to make any allegations that these defendants had knowledge of Dr. Smith's
14 recommendation for surgery or acted, or failed to act, for the purpose of causing Plaintiff harm. In
15 addition, Plaintiff failed to show a causal link between these defendants and the further injury he
16 sustained. *See Johnson*, 588 F.2d at 742.

17   Though Plaintiff alleges facts that defendants Smith and McGuiness knew of the injury and
18 ordered surgery, he makes no statements that they knew that the surgery did not occur. In fact, the
19 documents attached to the complaint make clear that the order for surgery, signed by Drs. Smith and
20 McGuiness, was faxed to "UMC," the outside medical facility, on the same date that it was signed.
21 Rather than demonstrating deliberate indifference to Plaintiff's condition, this demonstrates that they
22 took steps tp assure that Plaintiff received the medical care that they had determined was necessary.

23   Plaintiff must show that Defendants had "actual knowledge of the plaintiff's basic human
24 needs *and* deliberately refused to meet those needs." *Johnson v. Lewis*, 271 F.3d 726, 734 (9th Cir.
25 2000) (emphasis added). Plaintiff has failed to show either actual knowledge of all defendants or a
26 deliberate refusal to treat him in a more expeditious manner. As in *Atkins*, the delay in treatment has
27 not been shown to be an Eighth Amendment violation. *Atkins*, 2009 U.S. Dist. LEXIS 52663 at *7-
28 9; *see also Gibson*, 290 F.3d at 1188. Therefore, Plaintiff has not stated a cognizable claim of

1 inadequate medical care against Defendants.

## V. Findings and Recommendation

The law is clear that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.  Moreover, medical negligence is insufficient to state a claim under the Eighth Amendment. *Toguchi*, 391 F.3d at 1060.  Although Plaintiff demonstrated that he had a serious medical need, he failed to establish that Defendants acted with the requisite unconstitutional deliberation.  Therefore, Plaintiff failed to state cognizable claims against Defendants.

Notably, Plaintiff was permitted an opportunity to file an amended complaint curing the deficiencies in his initial complaint.  Despite the Court's guidance related to the requisite elements to a cognizable claim for inadequate medical care, Plaintiff continues to fail to make factual allegations adequate to support a claim.  The allegations made, even with the assumption of truth, do not rise to the level of constitutional violation on the part of any defendant for a violation of the Eighth Amendment. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) ("[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . .") (citations omitted).

Based upon the foregoing, the Court finds Plaint has failed to state a claim for relief under Section 1983.  Further, the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, the Court **RECOMMENDS**:

1.  Plaintiff's Amended Complaint be **DISMISSED WITH PREJUDICE**.

This Findings and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may

waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **February 16, 2011**                                    **/s/ Jennifer L. Thurston**
                                                                              UNITED STATES MAGISTRATE JUDGE